UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOU ANNE R. YOUNG (Parent), for and on behalf of "J.Y.," minor child (Student), <br><br> Plaintiffs, <br><br> v. <br><br> MINIDOKA COUNTY SCHOOL DISTRICT #331, <br><br> Defendant. | Case No. 4:24-cv-00277-AKB <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Plaintiffs' Motion to Quash Subpoenas (Dkt. 39), Plaintiffs' Motion to Quash Subpoena for Deposition of J.Y. (Dkt. 42), Defendant Minidoka County School District #331's Motion to Require J.Y. to Prosecute His Own Claims Pursuant to Federal Rule of Civil Procedure 17 (Dkt. 45), Defendant's Motion to Remove Pseudonym (Dkt. 46), and Defendant's Motion to Compel Testimony of LouAnne R. Young (Dkt. 47). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court denies Plaintiffs' Motion to Quash Subpoenas as moot; denies Plaintiffs' Motion to Quash Subpoena for Deposition of J.Y.; grants in part and denies in part Defendant's Rule 17 motion; denies without prejudice Defendant's Motion to Remove Pseudonym; and grants Defendant's Motion to Compel Testimony of LouAnne R. Young. The Court declines to award attorney fees or expenses.

**MEMORANDUM DECISION AND ORDER - 1**

## I. BACKGROUND

Plaintiff Lou Anne R. Young filed this action against Defendant Minidoka County School District #331 "individually and on behalf of her son, JY" (Dkt. 1 at 1). Plaintiffs seek review of an adverse IDEA due process decision and assert additional claims under § 504 of the Rehabilitation Act, Title II of the ADA, 42 U.S.C. § 1983, and the Idaho Constitution (Dkt. 1 at 1-4, 17-81).

According to the Complaint, J.Y. has qualified for special education since age three and has medical conditions, reduced cognitive ability, memory deficits, and adaptive and functional limitations affecting his education (Dkt. 1 at 5-6). J.Y. also has social, emotional, and behavioral needs related to anxiety, fear, peer relationships, attention, and school functioning (Dkt. 1 at 6-7). Plaintiffs claim the District failed to provide adequate special-education services, to adequately address bullying, and to conduct or implement appropriate behavioral assessments and interventions and denied J.Y. a free, appropriate public education (Dkt. 1 at 6-7, 10-17).

The Complaint also concerns an incident on January 5, 2023, involving a firearm. J.Y. allegedly took a gun from his parents' home, hid it in a field off campus, and sent another student a photograph of the gun with the message, "I got gun rn" (Dkt. 1 at 8). Plaintiffs allege that J.Y. did not threaten anyone with the gun and that no one at school saw the gun, and the parties dispute whether the gun was ever on school grounds (Dkt. 1 at 8). J.Y. was arrested after the gun was recovered, and Plaintiffs allege the resulting charge was later resolved with probation and fines (Dkt. 1 at 8). Plaintiffs challenge the disciplinary process that followed, including the IDEA manifestation-determination reviews and expulsion proceedings (Dkt. 1 at 8-13).

Plaintiffs seek injunctive relief, compensatory education, mental-health services, a special-needs trust, damages, and attorney fees (Dkt. 1 at 81-83). The requested relief includes $400,000

**MEMORANDUM DECISION AND ORDER - 2**

in "compensatory and special damages," compensatory education through J.Y.'s twenty-first birthday, ongoing mental-health services, and funding for a special-needs trust (Dkt. 1 at 81-82).

J.Y. has since turned eighteen (Dkt. 47-3 at 5). Ms. Young testified at deposition that J.Y. was eighteen years old and that his birthday is January 28, 2008. (Dkt. 47-3 at 5.) Defendant represents that J.Y. is not under a guardianship or conservatorship and that the case caption has not been amended since filing (Dkt. 45 at 1). For this reason, Defendant moves to require J.Y. to prosecute his own claims and to remove his pseudonym. Defendant also moves to compel Ms. Young's continued deposition, and Plaintiffs move to prevent J.Y.'s deposition.

## II.  ANALYSIS

### A.   Real Party in Interest, Representative Capacity, and Proceeding in Pseudonym

#### 1.    Legal Standard

Rule 10(a) of the Federal Rules of Civil Procedure provides that "the title of the complaint must name all the parties." "The normal presumption in litigation is that the parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Similarly, Rule 17(a)(1) requires that "an action must be prosecuted in the name of the real party in interest," meaning the person who, under the governing substantive law, possesses the right being enforced. *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004).

Rule 17(c)(2) provides an exception and allows a minor or incompetent person, who lacks a duly appointed representative, to sue through a next friend or guardian ad litem. In that posture, the child's claims remain the child's claims; the representative supplies procedural capacity and protection; but the representative does not become the owner of the child's claims. *Dacanay v. Mendoza*, 573 F.2d 1075, 1079-80 (9th Cir. 1978) (explaining guardian ad litem or next friend is court officer and may not prejudice minor's substantial rights without court approval). In an IDEA

MEMORANDUM DECISION AND ORDER - 3

case, parents may have independent rights under the IDEA. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 529-33 (2007). However, that fact does not convert a child's separate claims into the parent's claims. *Keates v. Koile*, 846 F. App'x 628, 629 n.1 (9th Cir. 2021) (noting minor reached majority, voluntarily withdrew claims, and parent proceeded to trial on individual claims).

Similarly, a court may permit a plaintiff to proceed using a pseudonym in various circumstances, including when: "(1) identification creates a risk of retaliatory physical or mental harm, (2) anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature, and (3) the anonymous party would be compelled . . . to admit [his] intention to engage in illegal conduct, thereby risking criminal prosecution." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (internal quotation marks omitted). In determining whether to allow a party to proceed anonymously over the opposing party's objection, a court balances "the severity of the threatened harm, the reasonableness of the anonymous party's fears, and the anonymous party's vulnerability to such retaliation," against "the prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

### 2. Real Party in Interest

Defendant moved to require J.Y. to prosecute his own claims under Rule 17 (Dkt. 45). Defendant contends J.Y. is the real party in interest for claims based on alleged violations of his own educational, disability, and constitutional rights and that Ms. Young's representative authority based on J.Y.'s minority ended when J.Y. reached majority (Dkt. 45 at 1-4). Plaintiffs oppose the motion, arguing that Ms. Young properly sued for violations against her and J.Y.; J.Y. remains a plaintiff; and his eighteenth birthday does not invalidate the case (Dkt. 49 at 2-3, 10). Plaintiffs also state that J.Y. "was not of competent mind as a juvenile to recognize and litigate his civil

MEMORANDUM DECISION AND ORDER - 4

rights"; any new adult interests belong to J.Y. to litigate unless Ms. Young obtains guardianship; and J.Y. signed a power of attorney permitting Ms. Young to act on his behalf (Dkt. 49 at 10-11).

As noted above, a minor may sue through a general guardian, next friend, or guardian ad litem. Fed. R. Civ. P. 17(c). Rule 17(c) permitted representative litigation based on J.Y.'s minority while he was a minor, but Plaintiffs can no longer rely on minority alone as the basis for Ms. Young to prosecute J.Y.'s claims now that he has turned eighteen (Dkt. 47-3 at 5). Because the claims asserted for denial of educational services, disability discrimination, constitutional violations, damages, compensatory education, and related relief are based on J.Y.'s alleged injuries, those claims belong to J.Y. (Dkt. 1 at 17-83). Ms. Young may have her own independent claims under the IDEA, *see Winkelman*, 550 U.S. at 529-33, but she may not continue prosecuting J.Y.'s individual claims merely by virtue of the parental relationship. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

Plaintiffs' response confirms rather than resolves the problem. Plaintiffs state that J.Y. "has the right to withdraw as a Plaintiff in this case or seek his own legal representation" and that, if he wanted to litigate on his own behalf, "he would merely obtain his own separate legal counsel" (Dkt. 49 at 9-10). That position recognizes the basic Rule 17 point: the claims asserted on J.Y.'s behalf are his claims. But Plaintiffs also state that J.Y. "was not of competent mind as a juvenile to recognize and litigate his civil rights"; any new adult interests belong to him "until or unless Plaintiff Parent obtains full or partial guardianship"; and he signed a power of attorney allowing Ms. Young to act on his behalf (Dkt. 49 at 10-11). As discussed later, Plaintiffs likewise seek to prevent J.Y.'s deposition based, in part, on alleged limitations affecting his cognition, processing, memory, maturity, ability to participate in trial, and education level (Dkt. 42 at 2). Given these Plaintiffs' representations, the Court is not persuaded that Plaintiffs may simply rely on their

assertion that J.Y. can obtain counsel if he wishes. Plaintiffs' own filings suggest they believe J.Y. may lack capacity to prosecute his claims without assistance.

Because Plaintiffs contend J.Y. lacks capacity to prosecute his claims as an adult, they must make a properly supported Rule 17(c) showing, including evidence sufficient to establish that J.Y. is not competent to litigate on his own behalf and that any proposed representative is authorized and suitable to proceed for him. *See* Fed. R. Civ. P. 17(c); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989); *Allen v. Calderon*, 408 F.3d 1150, 1153-54 (9th Cir. 2005). That showing could take different forms, but the Court need not identify every possible mechanism because Plaintiffs have not made any such showing. Plaintiffs have not submitted a declaration from J.Y., evidence of a competency adjudication, evidence supporting a Rule 17(c) appointment, a guardianship or conservatorship order, or the power of attorney on which they rely (Dkt. 53 at 2-3).

Accordingly, Defendant's Rule 17 motion is granted in part. Within fourteen days of this order Plaintiffs must file either: (1) an amended complaint identifying J.Y.'s status as an adult plaintiff and distinguishing his individual claims from any claims Ms. Young asserts in her own right; or (2) a properly supported Rule 17(c) motion if Plaintiffs contend J.Y. lacks capacity to prosecute his claims. The motion is denied to the extent Defendant asks the Court to substitute J.Y. as the sole Plaintiff or to preclude Ms. Young from prosecuting any claim she may hold in her own right.

### 3.    Pseudonymous Litigation

Defendant also moved to remove J.Y.'s pseudonym (Dkt. 46). Defendant argues J.Y. was identified by initials because he was a minor when the case was filed but now he is an adult seeking substantial relief (Dkt. 46 at 1-4). Plaintiffs oppose the motion based on Rule 5.2, IDEA, FERPA,

MEMORANDUM DECISION AND ORDER - 6

HIPAA, the Juvenile Corrections Act, and the sensitive nature of J.Y.'s educational, medical, mental-health, and juvenile information (Dkt. 49 at 3-10).

As noted above, a party may proceed anonymously when it is necessary to preserve privacy in a sensitive and highly personal matter. *Advanced Textile Corp*., 214 F.3d at 1068. In deciding whether anonymity is appropriate despite an objection, courts balance the severity of the threatened harm, the reasonableness of the party's fears, the party's vulnerability, prejudice to the opposing party, and the public interest. *Kamehameha Sch*., 596 F.3d at 1042.

Plaintiffs' showing is not persuasive to the extent it rests only on J.Y.'s former status as a minor. J.Y. is now eighteen (Dkt. 47-3 at 5). Also, Rule 5.2, FERPA, HIPAA, the IDEA, and the Juvenile Corrections Act do not create a right to litigate anonymously. Those rules and statutes may protect particular records or filings, but they do not provide whether an adult plaintiff may proceed under a pseudonym in federal court. The relevant question is instead whether J.Y.'s privacy interests outweigh Defendant's prejudice and the public interest in open proceedings. *Advanced Textile*, 214 F.3d at 1068; *Kamehameha Sch*., 596 F.3d at 1042.

On the present record, that balance favors continued use of J.Y.'s initials for public filings. This case concerns highly sensitive and personal matters, including J.Y.'s disability status, special-education records, cognitive and adaptive functioning, mental-health history, alleged juvenile conduct, and requested mental-health and special-needs relief (Dkt. 1 at 5-9, 81-83; Dkt. 49 at 3-10). Plaintiffs also argue that public identification would harm J.Y. and that he remains vulnerable given his disability and his recent transition to adulthood (Dkt. 49 at 5-7). Those privacy concerns are substantial, particularly because disclosing J.Y.'s legal name would identify him with protected educational, medical, psychological, and juvenile-history information. *See Doe v. Univ. of Idaho*, No. 1:23-cv-00409-AKB, 2024 WL 4308327, at *2 (D. Idaho Sept. 26, 2024) (allowing plaintiffs

**MEMORANDUM DECISION AND ORDER - 7**

to proceed anonymously based on privacy concerns related to health conditions, future employability, and other sensitive personal matters); *Doe v. Coll. of E. Idaho*, No. 4:22-cv-00482-DCN, 2023 WL 4138674, at *3 (D. Idaho June 22, 2023) (same).

Defendant also raises legitimate concerns, however. J.Y. is an adult claimant seeking substantial relief, and public proceedings ordinarily require parties to be identified. Defendant also argues anonymity may complicate discovery and create unfairness because Defendant and its employees are identified by name. Those concerns are real, but they do not require removing J.Y.'s pseudonym from the public docket at this stage. Defendant knows J.Y.'s identity, and the Court's ruling neither authorizes Plaintiffs to use pseudonymity as a discovery shield nor prevents Defendant from using J.Y.'s legal name where reasonably necessary in discovery, in sealed filings, or in proceedings subject to an appropriate protective order. *See Univ. of Idaho*, 2024 WL 4308327, at *3 (recognizing that anonymity may become harder to maintain as litigation progresses and that complete anonymity may not be feasible in discovery).

Accordingly, Defendant's motion to remove J.Y.'s pseudonym is denied without prejudice. J.Y. may continue to proceed by initials in public filings at this stage. The Court's ruling is limited to public identification in the case caption and public docket. It does not limit Defendant's ability to seek discovery from J.Y., to use J.Y.'s legal name where necessary in discovery, or to request reconsideration if continued pseudonymity later causes concrete prejudice or becomes inconsistent with the public's interest in open proceedings.

## B.  Discovery Issues

### 1.  Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Rule 30 permits a party

MEMORANDUM DECISION AND ORDER - 8

to take the deposition of any person, including a party, by oral examination. Fed. R. Civ. P. 30(a)(1). During a deposition, objections "must be stated concisely in a nonargumentative and nonsuggestive manner," and testimony ordinarily "is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). An instruction not to answer is proper only "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); *see also United States v. Alahmedalabdaloklah*, 94 F.4th 782, 827 (9th Cir. 2024).

A party seeking discovery may move for an order compelling production if an opposing party has failed to answer an interrogatory, participate in a deposition, or produce requested documents. Fed. R. Civ. P. 37(a)(3). A party seeking to forbid or materially limit a deposition bears the burden to show good cause for a protective order. Fed. R. Civ. P. 26(c)(1). Good cause requires a particularized showing of specific prejudice or harm; generalized assertions of burden, embarrassment, confidentiality, or inconvenience are insufficient. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

### 2.    Plaintiffs' Motion to Quash J.Y.'s Deposition

When Defendant also sought to depose J.Y., Plaintiffs moved to quash what they characterized as Defendant's "Subpoena of Plaintiff J.Y." under Rule 45(d)(3)(A)(iii) (Dkt. 42 at 1). Plaintiffs assert that J.Y.'s medical and criminal information are protected and that his disability affects his cognition, processing, memory, maturity, ability to participate in trial, and education level (Dkt. 42 at 1-2). Defendant opposes the motion, arguing that Plaintiffs' Rule 45 motion is procedurally improper because Defendant noticed J.Y.'s deposition under Rule 30 and that Plaintiffs had not established a privilege, categorical confidentiality bar, or incompetency basis precluding J.Y.'s deposition (Dkt. 44 at 1-9).

MEMORANDUM DECISION AND ORDER - 9

The Court denies Plaintiffs' motion to quash J.Y's deposition. As an initial matter, Plaintiffs' motion is three pages and unsupported by a legal memorandum or relevant legal citation. Plaintiffs invoke Rule 45, but the record indicates Defendant noticed the deposition of J.Y., whose educational, disability-related, disciplinary, and damages claims are at issue. Rule 45 governs subpoenas, including subpoenas used to compel nonparty deposition testimony; Rule 30 governs party depositions. Because there is no subpoena to quash, no supporting memorandum, and no citation to authority, the motion could be denied on that basis alone.

Because Plaintiffs seek to prevent or limit a party deposition, however, the Court construes their motion as a request for a protective order under Rule 26(c), which requires a showing of good cause. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Plaintiffs have not shown good cause to wholly bar J.Y.'s deposition. At most, they have identified potentially confidential information, the disclosure of which is already governed by an existing protective order. Because Plaintiffs' complaint places J.Y.'s disability, educational history, and mental and physical condition directly at issue (Dkt. 1 at 5-20, 78-83), Defendant is entitled to examine J.Y. regarding those topics and other nonprivileged matters relevant and proportional to J.Y.'s claims and defenses.[1]

The Court also rejects Plaintiffs' assertion of incompetency as a basis to preclude J.Y's deposition. Plaintiffs do not identify and analyze any supporting law. Plaintiffs' unsupported assertions that J.Y.'s disability affects his cognition, processing, memory, maturity, ability to participate in trial, and education level—without more—do not establish that J.Y. is incompetent

---

[1] Plaintiffs disagree, but they neither cite any supporting legal authority nor provide any analysis tying their positions to a good cause showing. Moreover, the authorities to which Plaintiffs nominally refer—HIPAA, FERPA, IDEA, and Idaho juvenile-record confidentiality rules—may regulate certain records or protected information. But Plaintiffs have not shown that those authorities create a categorical testimonial privilege.

MEMORANDUM DECISION AND ORDER - 10

to testify. Plaintiffs submit no declaration, medical opinion, psychological opinion, guardianship order, competency adjudication, or other evidence supporting a finding that J.Y. cannot sit for a deposition. Further, Plaintiffs do not identify any authority permitting the Court to bar a party's deposition based only on generalized assertions of cognitive or educational limitations.

During J.Y.'s deposition, Plaintiffs may assert proper, specific objections, and the parties remain bound by the protective order entered in this case (Dkt. 29). Confidentiality concerns do not justify preventing J.Y.'s deposition. Those concerns may be addressed through that protective order, targeted objections, and appropriate confidentiality designations.

### 3. Lou Anne Young's Continued Testimony

Defendants move to compel Ms. Young's continued deposition. Defendant deposed her on February 27, 2026 (Dkt. 47-3 at 2). At the beginning of the deposition, Plaintiffs' counsel stated a "blanket objection" to questions concerning medical or criminal matters for the 2025-2026 school year (Dkt. 47-3 at 5). Plaintiffs' counsel later instructed Ms. Young not to answer questions concerning J.Y.'s current medical condition, specialists he was seeing during the 2025-2026 school year, and whether he was still seeing a mental-health counselor (Dkt. 47-3 at 6-7). Plaintiffs argue that such questions sought irrelevant and protected information concerning J.Y.'s 2025-2026 medical or alleged criminal matters (Dkt. 49 at 11-13).

Defendant argues that the instructions not to answer were improper (Dkt. 47-1 at 4-9). Defendant contends Plaintiffs' counsel "attempted to prevent the District from learning about discoverable information related to Plaintiff J.Y.'s medical and criminal conditions for the 2025-2026 school year" and "continued to shield relevant, discoverable, and admissible information from the District" (Dkt. 47-1 at 1-2). Defendant identifies three categories of instructions which it

MEMORANDUM DECISION AND ORDER - 11

argues are not permissible under Rule 30(c)(2); these categories include instructions not to answer based on "confidentiality, relevance, and scope of knowledge" (Dkt. 47-1 at 4-5).

The Court grants Defendant's motion to compel Ms. Young's continued deposition. The deposition excerpts which Defendant quotes support its assertion that the instructions not to answer were improper. At the beginning of the deposition, Plaintiffs' counsel stated, "I am going to give a blanket objection to any questions regarding medical or criminal for the 25-26 school year but we're happy to talk about attendance at school" (Dkt. 47-1 at 3). Later, when defense counsel asked about J.Y.'s current medical condition, Plaintiffs' counsel stated, "I am instructing her not to answer it's--his medical condition three years after the event is not relevant our case" (Dkt. 47-1 at 7-8). Plaintiffs' counsel then clarified: "That is correct we will not be discussing criminal or medical information from the 25 26 school year" (Dkt. 47-1 at 8). Plaintiffs' counsel also instructed Ms. Young not to answer a question about whether J.Y. was still seeing a particular mental-health provider, stating: "I'm instructing her not to answer any questions to relating to the 25 26 school year regarding medical or criminal charges" (Dkt. 47-1 at 5-6). Finally, when defense counsel asked whether J.Y. "took legal responsibility" for having brought a weapon onto school premises, Plaintiffs' counsel objected that the question "goes beyond the scope of this witness's knowledge" and instructed, "Do not answer please" (Dkt. 47-1 at 8).

Those instructions were improper under Rule 30(c)(2). Unless necessary to preserve a privilege, enforce a limitation ordered by the Court, or present a motion under Rule 30(d)(3), counsel must state the objection and allow the witness to answer. Fed. R. Civ. P. 30(c)(2). Here, Plaintiffs' counsel instructed Ms. Young not to answer based on confidentiality, relevance, and scope of knowledge; those categories, however, are not permissible bases for an instruction not to answer under Rule 30(c)(2). The record does not reflect that Plaintiffs' counsel asserted attorney-

**MEMORANDUM DECISION AND ORDER - 12**

client privilege or work product as a basis for the instructions, and Plaintiffs' counsel did not suspend the deposition to seek relief under Rule 30(d)(3) (Dkt. 47-1 at 4-5, 8-9).

Plaintiffs have not identified any privilege that justified the instructions not to answer. Plaintiffs argue that "Plaintiff Parent was substantially justified in refusing to answer questions about J.Y.'s medical or alleged criminal conditions during the 2025-2026 school year" (Dkt. 49 at 13). They further assert that "Defendant's questions about J.Y.'s still protected juvenile records are not currently discoverable"; "[w]hat Defendant knew at the time they made discriminatory decisions is what is relevant"; and "Plaintiff Parent does not have the education or training to interpret legal terms asked of her in deposition, particularly when juvenile courts do not use the same terms" (Dkt. 49 at 13). Plaintiffs do not support any of these arguments with citation to legal authority or analysis.

Plaintiffs' confidentiality and privacy concerns may bear on how information is handled, filed, designated, sealed, or used, but they do not provide a blanket basis for instructing a party not to answer relevant, nonprivileged deposition questions. As Defendant noted, the protective order already addresses deposition testimony by allowing a party or witness to designate "as 'Confidential' any portion of the transcript that the party or witness contends discloses confidential information," and provides "all deposition transcripts shall be treated as 'Confidential' until the expiration of the thirty-day period" (Dkt. 47-1 at 6). Confidentiality concerns can be addressed through the protective order and appropriate designations, and they do not authorize instructions not to answer.

Plaintiffs' relevance objection also does not justify the instructions. Plaintiffs argue:

Questions regarding J.Y.'s still protected juvenile records are just that and are not discoverable at this time. Again, what information and evidence Defendant had at the time they made decisions to expel J.Y. is relevant. Defendant cannot now attempt to obtain evidence they did not have at the time to justify their educational

**MEMORANDUM DECISION AND ORDER - 13**

decisions made based on mere rumors. Defendant is attempting to hold 18-year-old J.Y. accountable for 14-year-old J.Y.'s thinking and decision making.

(Dkt. 49 at 11-13). That argument may bear on admissibility, the merits, or the weight of particular evidence. It does not justify refusing discovery. Plaintiffs seek ongoing and prospective relief, compensatory education, services, damages, and other remedies which place J.Y.'s condition, functioning, education, treatment, limitations, mitigation, and present circumstances within the permissible scope of discovery. Further, Plaintiffs also challenge the Defendant's response to the January 5, 2023, incident and the resulting disciplinary process. Accordingly, Defendant may inquire into the underlying conduct, related juvenile proceedings, and Ms. Young's knowledge of those matters.

Plaintiffs' "scope of knowledge" objection likewise does not justify an instruction not to answer. If Ms. Young does not know an answer, she may say so. If she does not understand a legal term, counsel may object to form and the question may be clarified. But counsel may not preemptively prevent testimony on the ground that the witness lacks legal training. Defendant may ask Ms. Young what she knows, observed, understood, was told, did, claimed, or seeks in this lawsuit, subject to proper objections preserved on the record.

The Court orders that Defendant may reopen and continue Ms. Young's deposition. Ms. Young must answer nonprivileged questions within Rule 26(b)(1)'s scope, including but not limited to questions concerning J.Y.'s medical condition; treatment; school attendance; functioning; damages; the January 5, 2023, incident; and related juvenile proceedings. Plaintiffs' counsel must state concise, non-speaking objections, may assert a specific privilege only where a recognized privilege applies, may enforce any limitation previously ordered by the Court, and may seek relief under Rule 30(d)(3) if the deposition is conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the witness. Plaintiffs' counsel, however, may not

MEMORANDUM DECISION AND ORDER - 14

instruct Ms. Young not to answer based only on confidentiality, relevance, privacy, or counsel's view that the witness lacks knowledge.

### 4.    Defendant's Third-Party Subpoenas

Plaintiff's remaining motion seeks to quash Defendants' third-party subpoenas for records related to J.Y.'s medical, disability, juvenile, and disciplinary history (Dkt. 39). Defendant filed notices of intent to serve third-party subpoenas on Intermountain Health Cassia Regional Hospital, Cassia County Sheriff's Office, and Minidoka Memorial Hospital (Dkt. 39 at 1). Plaintiffs moved to quash those third-party subpoenas, arguing the subpoenas sought medical records protected by HIPAA and juvenile records protected by the Juvenile Corrections Act (Dkt. 39 at 1-2). Defendant, however, later withdrew the notices of intent to serve the third-party subpoenas (Dkt. 40 at 1). Accordingly, Plaintiffs' motion to quash them is moot.

## C.    Fees and Expenses

Defendant seeks fees and expenses incurred in bringing the motion to compel. Rule 37(a)(5)(A) generally requires an award of reasonable expenses if a motion to compel is granted, unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's nondisclosure or objection was substantially justified, or other circumstances make an award unjust.

Plaintiffs' discovery conduct was inconsistent with the Federal Rules. They moved under Rule 45 to quash J.Y.'s deposition even though Defendant noticed the deposition under Rule 30, did not comply with the Court's meet-and-confer procedure, and relied on generalized confidentiality, HIPAA, juvenile-record protections, and alleged incompetency to block discovery categorically rather than seek targeted Rule 26(c) relief or accommodations (Dkt. 44 at 1–9). Plaintiffs' counsel then instructed Ms. Young not to answer deposition questions based on

MEMORANDUM DECISION AND ORDER - 15

confidentiality, relevance, and asserted lack of knowledge, none of which independently permits an instruction not to answer under Rule 30(c)(2) (Dkt. 47-1 at 4–9).

Counsel did not invoke privilege, rely on a court-ordered limitation, or suspend the deposition to seek Rule 30(d)(3) relief, despite the existing protective order governing confidential deposition testimony (Dkt. 47-1 at 4–9; Dkt. 29). In short, Plaintiffs used privacy and relevance objections to block discovery rather than preserve targeted objections under the procedural rules in Rules 26, 30, 37, and 45.

Nonetheless, the Court declines to award fees or expenses. Even assuming Defendant attempted to resolve the dispute during Ms. Young's deposition, the parties did not use the Court's required pre-motion discovery-dispute procedure before filing the present discovery motions (Dkt. 23 at ¶ 10(c)). Consequently, the Court finds that an award of fees or expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The denial of fees is without prejudice to a future fee request if a party later violates this Order, gives improper instructions not to answer, refuses to appear for a properly noticed deposition, or otherwise obstructs discovery after complying with the Court's discovery-dispute procedures.

### III.  ORDER

IT IS ORDERED that:

1. Defendant's Motion to Require J.Y. to Prosecute His Own Claims Pursuant to Federal Rule of Civil Procedure 17 (Dkt. 45) is **GRANTED** in part and **DENIED** in part.

2. Defendant's Motion to Remove Pseudonym (Dkt. 46) is **DENIED** without prejudice.

3. Plaintiffs' Motion to Quash Subpoenas (Dkt. 39) is **DENIED** as moot.

4. Plaintiffs' Motion to Quash Subpoena for Deposition of J.Y. (Dkt. 42) is **DENIED**.

5. Defendant's Motion to Compel Testimony of LouAnne R. Young (Dkt. 47) is **GRANTED**.

MEMORANDUM DECISION AND ORDER - 16

6. Defendant's request for attorney fees and expenses is **DENIED**.

7. Within **fourteen (14) days** of this Order, Plaintiffs must file either:

   a. an amended complaint identifying J.Y.'s status as an adult plaintiff and distinguishing his individual claims from any claims Ms. Young asserts in her own right; or

   b. a properly supported Rule 17(c) motion if Plaintiffs contend J.Y. lacks capacity to prosecute his claims.

8. Before filing any further discovery motion, the parties must comply with the Court's discovery-dispute procedure, including conferring with the Court's law clerk as required by the Court's prior order. Failure to do so may result in denial of relief, denial of fees, or other appropriate sanctions.

DATED: June 16, 2026

Amanda K. Brailsford
U.S. District Court Judge